

# NUMBER 13-12-00305-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ERNEST GONZALEZ
A/K/A ERNESTO GONZALEZ,                                    Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

### On appeal from the 377th District Court
### of Victoria County, Texas.

## MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant Ernest Gonzalez a/k/a Ernesto Gonzalez appeals his convictions for two counts of assault involving dating violence, a third-degree felony, *see* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A) (West 2011), enhanced to a second-degree felony by a prior felony conviction, *see id.* § 12.42(a) (West Supp. 2011).   The jury found appellant guilty

of the two counts, and the trial court assessed punishment at eight years' confinement in the Texas Department of Criminal Justice, Institutional Division, for one count and eighteen years' confinement for the other. The trial court ordered the two sentences to run concurrently. By one issue, appellant argues that the admission of State's Exhibits numbers 12 through 14 was improper. We affirm.

## I. BACKGROUND[1]

The State indicted appellant for three instances of assaultive conduct on his girlfriend, but the State abandoned one of the counts during jury deliberations. At trial, the trial court admitted State's Exhibits numbers 11 through 14, which were photographs of the complainant that showed injuries she sustained from an alleged assault. Appellant did not object to the photographs' admission. Thereafter, the photographs were frequently referenced during testimony. Appellant still did not object. Before the jury retired to deliberate, the trial court noted that State's Exhibits numbers 1 through 15 would be sent to the jury room during deliberations. Appellant again did not object. Appellant subsequently moved for a new trial on constitutional grounds, but appellant did not discuss the exhibits that he is challenging on appeal. Appellant's new-trial motion was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

## II. PRESERVATION OF ERROR

By his sole issue, appellant contends the admission of State's Exhibits numbers 12 through 14 was to the detriment of appellant, cumulative, prejudicial, and inflammatory. In the absence of a timely and proper objection, this issue is not preserved for our review.

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

Preservation of error is a prerequisite to presenting a claim on appeal. *See* TEX. R. APP. P. 33.1(a). To preserve error, an appellant must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. *Id*; *see Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007). Appellant failed to do so.[2] We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of August, 2013.

---

[2] We note that objection at trial is unnecessary where the error alleged is "fundamental"—that is, when the error causes the defendant to suffer "egregious harm" and prevents him from receiving a fair and impartial trial. *Ganther v. State*, 187 S.W.3d 641, 650 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *see* TEX. R. EVID. 103(d). No "fundamental" error is alleged here. Therefore, appellant was required to preserve his issue at trial. *See* TEX. R. APP. P. 33.1(a).